# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

EDWARD L. GILLIAM,
         Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
         Agency.

DOCKET NUMBER
AT-0752-14-0039-I-1

DATE: February 4, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Edward L. Gilliam, Cape Coral, Florida, pro se.

Karen L. Mulcahy, Esquire, Bay Pines, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision. We MODIFY the initial decision to find that the appellant engaged in protected equal employment opportunity (EEO) activity of which the deciding official was aware at the time she decided to remove the appellant but FIND that this does not affect the administrative judge's finding that the appellant failed to prove his affirmative defense of retaliation for EEO activity.

¶2     Effective October 27, 2012, the agency removed the appellant from his GS-6 Police Officer position at the agency's Fort Myers Outpatient Clinic based on four charges of alleged misconduct. Initial Appeal File (IAF), Tab 5 at 20-22. The appellant appealed and contended that the removal constituted retaliation for prior EEO activity and discrimination based on his sex, religion, and national origin. IAF, Tab 1. The administrative judge convened the appellant's requested hearing, but, after several hours of testimony, the appellant decided not to participate in the hearing any further. IAF, Tabs 32, 34; *see* Hearing Compact Disc (HCD), Track 4. The administrative judge deemed the appellant to have waived his right to a hearing and he issued an initial decision on the written record. The administrative judge sustained all charges and specifications, found nexus, found no retaliation or discrimination, and found the penalty of removal to be reasonable. Initial Decision (ID) at 3-21.

¶3  The appellant contends on review that the administrative judge improperly interfered with his presentation of his case and that the hearing was otherwise unfair. Petition for Review (PFR) File, Tab 1.[2] He has not, however, shown that the administrative judge abused his broad discretion to control the hearing under 5 C.F.R. § 1201.41(b)(3). The administrative judge did not prevent the appellant from questioning witnesses; he merely did not allow the appellant to ask improper questions, which was entirely appropriate and completely within his discretion. *See Grubb v. Department of the Interior*, 96 M.S.P.R. 361, ¶ 27 (2004) (any limits that the administrative judge placed upon the appellant's questioning of witnesses was designed to prevent her from introducing evidence that was not relevant to this case and was well within the administrative judge's broad discretion). The administrative judge also advised the appellant not to discontinue the hearing, offered him multiple opportunities to continue the hearing, and explained to him that the decision to stop the hearing would be final and that the appellant could not change his mind once the decision was made. HCD, Track 4. Furthermore, to the extent that the appellant alleges on review that the administrative judge was biased, the fact that the administrative judge ruled against the appellant is not sufficient to show bias. *See, e.g., Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 11 (2004). Because the appellant's implied claim of bias stems entirely from his disagreement with the administrative judge's rulings, a finding of bias is not warranted. *Id.*

¶4  Turning to the merits of the appeal, the agency brought four charges against the appellant, three of which involve the appellant's romantic relationship with

---

[2] On July 9, 2014, the appellant filed a motion for leave to submit an additional pleading to "expose the habitual VA agency corruption" and to submit emails which allegedly the "MSPB-Clerk of the Court was justifiably not aware of when granting [the agency] a requested extension." PFR File, Tab 7. We DENY the appellant's motion. The appellant's arguments appear to relate to the appellant's claim that the agency misrepresented the reason for the request for an extension of time to file a response to the petition for review, and are not material to the outcome of the case.

coworker L.M. Specifically, the agency charged the appellant with: (1) Endangering the Safety of a Supervisor (two specifications of putting a chokehold on a police sergeant); (2) Conduct Unbecoming a Supervisor (one specification of having a loud and profane argument with L.M. in the workplace); (3) Failure to Follow Supervisory Instructions (two specifications of violating an order to avoid social contact with L.M. during duty hours, one additional specification of violating the order to avoid L.M. in an incident that impeded a coworker's access to her office, and one specification of violating an order to stay out of room 106 without permission); and (4) Inappropriate Conduct in the Workplace (one specification of having a sexual encounter with L.M. at the clinic while on duty). IAF, Tab 5 at 69-73.

¶5 The appellant admits to engaging in the conduct under charge 1 but contends that it was mere horseplay and was meant to enhance morale. IAF, Tab 5 at 43. The administrative judge found, however, that the charge did not require proof of intent, and he credited testimony from the agency's witnesses that the incidents were serious. ID at 3-4. In particular, he noted that Sergeant B.S., the recipient of the chokehold, nearly lost consciousness during the second incident. ID at 4. While the appellant disagrees with the administrative judge's fact findings and credibility determinations, the Board has limited discretion to disturb credibility determinations made after hearing live testimony. *Cf. Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so); *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009) (credibility determinations made after hearing live testimony must be deemed to be at least implicitly based on witness demeanor). The appellant has not offered sufficiently sound reasons to

overturn the administrative judge's credibility findings. *See Haebe*, 288 F.3d at 1302.

¶6    Under the second charge, the agency alleged that the appellant and L.M. had a loud and profane argument on duty that was overheard by others. IAF, Tab 5 at 70. The appellant admits that he and L.M. had what he described as a "lovers' quarrel" behind closed doors, *see id.* at 44, and a witness testified that he overheard the argument from the front of the clinic and patients were present, *see* HCD, Track 1. The administrative judge correctly found that the agency proved charge 2. ID at 4-5.

¶7    The third charge is Failure to Follow Supervisory Instructions. Under specifications a and b, the agency alleges that, on July 26, 2012, and April 26, 2012, the appellant violated an April 19, 2012 instruction from Lieutenant P.Q. to stay away from L.M. IAF, Tab 5 at 70-71. The appellant admits that he met with L.M. during duty hours on those dates and the administrative judge found that P.Q. ordered him not to do so on April 19. The administrative judge correctly found that the agency proved these specifications. ID at 8-9.

¶8    At issue under specifications c and d is a meeting on March 14, 2012, during which P.Q. instructed the appellant to curb his activity with L.M. while on duty and not to enter room 106 without authorization. IAF, Tab 5 at 71, 110. The appellant contended that P.Q. gave him no such instructions. IAF, Tab 27 at 8-17. He contended below that his union representative, A.B., was present during this meeting and was able to verify that P.Q. did not issue the instructions. *Id.* at 3-17. The administrative judge approved A.B. to testify as a witness at the hearing, *see* IAF, Tab 31 at 3, but the appellant discontinued the hearing before A.B.'s testimony and there is no documentary evidence in the record below to support the appellant's claim that A.B. witnessed the meeting.

¶9    For the first time on review, the appellant submits an unsworn statement purportedly from A.B. that states that he does not recall hearing P.Q. order the appellant to stay away from L.M. PFR File, Tab 1 at 19. Under 5 C.F.R.

§ 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant asserts that this evidence is new and material because, despite his due diligence, he was not aware it would be needed until after the initial decision was issued. PFR File, Tab 1 at 5. He further claims that the administrative judge is punishing him for discontinuing the hearing. *Id.* at 5-6. We disagree. The administrative judge held the record open for several days after the hearing to afford the parties the opportunity to submit additional evidence and argument. IAF, Tabs 32-33. The appellant submitted a closing argument but proffered no evidence. IAF, Tab 34. Under the circumstances, the administrative judge afforded the appellant fair warning of the consequences of discontinuing the hearing and gave him an opportunity to supplement the record, but the appellant simply failed to exercise due diligence in submitting evidence that was sufficient to support his unsworn assertions. *Cf. Scott v. Department of Justice*, 69 M.S.P.R. 211, 228-29 (1995) (a witness's specific affidavit had greater probative value than the appellant's general unsworn statement), *aff'd*, 99 F.3d 1160 (Fed. Cir. 1996) (Table); *Social Security Administration v. Whittlesey*, 59 M.S.P.R. 684, 692 (1993) (a sworn statement has greater weight than one that is not sworn), *aff'd*, 39 F.3d 1197 (Fed. Cir. 1994) (Table). Thus, the appellant has failed to show that he exercised due diligence, and we have not considered the new statement from A.B. The administrative judge therefore correctly found that the appellant failed to rebut evidence showing that P.Q. in fact issued the April 19 order. ID at 8.

¶10    Under specification c of charge 3, the agency alleges that the appellant violated P.Q.'s March 14 instructions to stay away from L.M. while on duty when a witness caught the appellant and L.M. kissing in the alcove of the witness's office hallway on March 27. IAF, Tab 5 at 71. The appellant admits this specification and asserts that it is a normal activity between two people in a

relationship. *Id.* at 45-46. That may be the case, but the appellant is not charged with kissing L.M. but with violating an instruction from his supervisor to stay away from her while on duty. The appellant may have thought the instruction was intrusive, but he was not free to disregard it. The administrative judge correctly found that the agency proved specification c. ID at 9-10.

¶11 Under specification d, the agency asserted that the appellant violated P.Q.'s March 14 instructions by entering room 106 without authorization on March 22. IAF, Tab 5 at 71. The appellant acknowledges that he entered room 106 without authorization but alleges that he did so because he had to retrieve the radio charger he left there. *Id.* at 46. He has not explained, however, why he could not have simply asked for authorization to retrieve the radio charger, asked someone with authorization to retrieve it for him, or chosen to put his radio charger in a different room. The administrative judge correctly found that it was undisputed that the appellant entered room 106 without authorization. ID at 10.

¶12 Under the fourth charge, Inappropriate Conduct in the Workplace, the agency alleged that, on November 5, 2011, the appellant had "inappropriate relations" with L.M. in the workplace while on duty. IAF, Tab 5 at 71-72. The evidence for this charge is a series of text messages between the appellant and L.M. on the day in question. IAF, Tab 28 at 26-60. The initial decision contains an exhaustive and correct summary and analysis of the text messages. It is clear that the administrative judge gave careful consideration to the alternative meanings that the appellant attributed to the text messages, but he found that the explanations proffered by the appellant created some discrepancies that could not be reconciled. ID at 11-15. On review, the appellant he has not identified any evidence of record casting doubt on the administrative judge's analysis, and we find that the administrative judge correctly found that the agency proved the fourth charge.

¶13 We also find that the administrative judge correctly found that the agency proved nexus and that the penalty of removal was within the tolerable bounds of

reasonableness. ID at 15-17. Where, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *See Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 6 (2013). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Id.* The Board recognizes that its function is not to displace management's responsibility or to decide what penalty it would impose but to assure that management judgment has been properly exercised and that the penalty selected by the agency does not exceed the maximum limits of reasonableness. *Id.* Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id.* However, if the deciding official failed to appropriately consider the relevant factors, the Board need not defer to the agency's penalty determination. *Id.*

¶14 The record reveals that the deciding official properly considered the relevant mitigating factors in this case, particularly that the appellant had worked for the federal government since 1998, he had no prior disciplinary record, a good work record, and his most recent performance rating was Outstanding. IAF, Tab 5 at 23. However, his position required significant contact with patients, visitors, and employees on a daily basis. *Id.* He was a police officer and, as a result, is held to a higher standard of conduct than other employees. *Id.; see, e.g.*, *Reid v. Department of the Navy*, 118 M.S.P.R. 396, ¶ 26 (2012).

¶15 Moreover, his misconduct affected his supervisor's confidence in the appellant's ability to perform his duties because the appellant repeatedly disregarded supervisory instructions by meeting with L.M. at work, and he allowed his personal business to intrude upon the workplace. IAF, Tab 5 at 24. He endangered the safety of his supervisor twice, without provocation, in

incidents that could have resulted in physical harm, and his misconduct was quite serious. *Id.* at 23. The penalty of removal for a first offense of endangering the safety of an employee or patient is consistent with the agency's table of penalties and with the penalty imposed on other employees who endangered the safety of employees or patients. *Id.* at 24. We find that the administrative judge correctly determined that the deciding official properly considered the aggravating and mitigating factors most applicable to the case and exercised her management judgment within the acceptable bounds of reasonableness. ID at 16-17.

¶16       On review, the appellant argues that the deciding official's assessment and the administrative judge's finding that he refuses to accept responsibility for his actions or acknowledge their seriousness amounts to punishing him for defending himself. PFR File, Tab 1 at 11. The Board has held, however, that an appellant's rationalizations for his behavior and lack of remorse for his misconduct reflect a lack of rehabilitative potential and may properly be considered as an aggravating factor. *Neuman v. U.S. Postal Service*, 108 M.S.P.R. 200, ¶ 26 (2008).

¶17       Although the appellant contended that the agency's action constituted discrimination based on his sex, national origin, and religious discrimination, the administrative judge correctly found that the appellant introduced no evidence in support of any of these defenses and they were, therefore, not proven. ID at 19. Similarly, to the extent that the appellant raised a disparate penalty claim on the basis that L.M. received only a 3-day suspension for her part in charge 4, L.M. is not similarly-situated because she is not a police officer and did not engage in additional misconduct as the appellant did.[3] *Id.*; *see* IAF, Tab 26 at 22; *see also McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶ 11 (2014) (to prove disparate penalty, the appellant must first show that there is enough similarity

---

[3]   To the extent that the appellant's claim of sex discrimination also rests on the disparity between his removal and L.M.'s 3-day suspension, his claim fails for the same reason. *See Spahn v. Department of Justice*, 93 M.S.P.R. 195, ¶ 14 (2003) (in a Title VII disparate treatment claim, the similarity of the comparator's conduct is the controlling factor).

between both the nature of the misconduct and other factors to lead a reasonable person to conclude that the agency treated similarly-situated employees differently).

¶18     The administrative judge found that the appellant failed to prove that the removal action constituted retaliation for prior EEO activity because he did not show that he engaged in any EEO activity prior to his removal. ID at 20. The appellant correctly asserts that the administrative judge is mistaken. *See* PFR File, Tab 1 at 13-14. In fact, the appellant filed an informal EEO complaint on June 15, 2012, concerning the agency's removal of his law enforcement credentials. IAF, Tab 1 at 98. Further, the deciding official stated during the investigation into the EEO complaint regarding the appellant's removal that she was aware that the appellant had prior EEO activity at the time of his removal because the appellant told her as much during his oral reply to the notice of proposed removal. IAF, Tab 26 at 74. Given that the deciding official arrived at the clinic a month before she issued the notice of removal, *id.*, and the appellant introduced no evidence that her decision was motivated by retaliation for engaging in EEO activity, the administrative judge correctly found that the appellant proffered no evidence of a causal connection between his EEO activity and the removal. ID at 20-21. Therefore, the administrative judge's mistake does not affect the outcome of this case. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to

file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.